Kirkpatrick, C. J.
Sundry rules have been taken to get up the proceedings in this case before this court; and now that they are up, much has been said upon it at the bar for the plaintiff in error.
The reasons filed are so general in their nature, that it is somewhat difficult to see precisely upon what the plaintiff really rests as the error in the record fatal to the judgment. He prays a reversal of the judgment,
1st. Because the justice admitted unlawful, and rejected lawful testimony.
2d. Because the justice ought to have non-suited the plaintiff below, and
3d. Because he ought to have rendered judgment for the defendant below, and not for the plaintiff.
Let us examine the case. On the return day of the summons, the parties appeared before the justice, and Montgomery, the defendant, thereupon prayed that the [*] action *263 might bo stayed, and that no farther proceeding should be had thereon, because he said Snowhill, the plaintiff, owed him more than ¡$100, and thereof offered to make his affirmation before the said justice, but the justice declined taking his affirmation, and overruled his motion.
If it be on this proceeding of the justice that the party has grounded his second reason, viz. that the justice ought to have non-suited the plaintiff below, he is certainly mistaken. There is no such provision in the law, and to admit as a principle that such a pretence, grounded upon such a verification, should stay the justice in his proceeding, would be, in effect, to make the jurisdiction of the justice depend on the pleasure of the defendant. It would be destroying the very system itself.
This application being overruled, the plaintiff filed his state of demand in these words, viz.
1804, March 20 — James Montgomery to Daniel Snowhill, Dr.
To services of my son in attending your store one year, $50 To balance of account on settlement, ¿21 12 11, 4 11
$54 11
To this demand the defendant pleaded nil debet, and payment. Upon the trial, after the plaintiff had closed his evidence in support of his demand, the defendant, on his part, examined two witnesses, and then offered to prove and exhibit his book of accounts, in order to establish an account which he set up against the plaintiff; but the justice overruled the hook as unlawful evidence, because the defendant had not filed a copy of the account, and also because it appeared to have been included in a previous settlement between the parties. And upon this state of the case, the justice [*] gave judgment for the plaintiff for $35 debt, and $6 11 costs.
The plaintiff in certiorari, now insists before this court, that the first item of the account filed, does not contain lawful cause of action; that a man is not entitled to the services of his son, even under age, as a son, but only as a servant; that therefore, in his account, he ought to have stated him to be his son and servant; and that so arc all the precedents and forms of pleading. Be it so. But what has a mere entry in a day-hook to do with forms of pleading ?— Whether the service was really done by the plaintiff for the defendant, was the question. And this was a matter of evidence before the justice. Whether it was done by the plaintiff himself, or by his son or his servant, or by John, Richard or Thomas, and whether he who did it was above or under the age of 21 years, is totally immaterial. If the *264 service was actually furnished by the plaintiff to the defendant, he is entitled to the wages. And as to the form of the account, it has always been held that if it be so far certain as to apprize the party fully of the demand which is to be set up against him, it is enough ; and I think this is so. (a)
As to the overruling of the defendant’s book, the justice gives his reasons for it, viz. that a copy of it had not been filed, and that the account had been previously settled between the parties. Now, if either of these reasons be good, it is sufficient. And as to the first, I think, there can be no doubt. It is grounded upon the very words of the act of Assembly. If the defendant will make a set off, he must not only file his plea of payment, but also a copy of the account so to be set off. For my own part, therefore, I am unable to see any matter of error in this proceeding, and of course am of opinion, that the judgment must be affirmed.
Rosssiii & Pennington, Justices, concurred.
Judgment affirmed.

 Contra. 7"Halst. 125.